# WEITZ & LUXENBERG

RECEIVED MAR 0 6 2023

A PROFESSIONAL CORPORATION • LAW OFFICES •

DENISE PAGE HOOD
U.S. DISTRICT JUDGE

700 BROADWAY • NEW YORK, NY 10003-9536
TEL. 212-558-5500    FAX 212-344-5461
WWW.WEITZLUX.COM

PERRY WEITZ
ARTHUR M. LUXENBERG

BENNO ASHRAFI ‡
JAMES J. BILSBORROW ††
LISA NATHANSON BUSCH ††
CHARLES M. FERGUSON
ALANI GOLANSKI †
ROBIN L. GREENWALD §§
GARY R. KLEIN ††
JERRY KRISTAL ⁓§
ELLEN RELKIN ⁓ ££ ᵧ
MICHAEL P. ROBERTS
NICHOLAS WISE ∞
GLENN ZUCKERMAN

ANDREW L. BACKING ✱
RETT BERGMARK
DEVIN BOLTON ‡
ERIN M. BOYLE ⁓
AMBRE J. BRANDIS
JOHN M. BROADDUS ᴀ ᴀ
PATTI BURSHTYN ††
BRANDI C. CHAPLIN ¶
COURTNEY CHLEBINA ⁓
NANCY M. CHRISTENSEN ††
BENJAMIN T. CLINTON
THOMAS COMERFORD †† §

VENUS BURNS ‡
TERESA A. CURTIN ¶¶
BENJAMIN DARCHE
JUSTINE K. DELANEY
ADAM S. DREKSLER
BRANDON DUPREE ‡
JASON B. DUNCAN ¶
F. ALEXANDER EIDEN ¶
TIFFANY R. ELLIS §§ ✱
MICHAEL FANELLI ††
LEONARD F. FELDMAN ¶
STUART R. FRIEDMAN ✱
MARY GRABISH GAFFNEY ¶
ERICARAE GARCIA ✱✱
ANDREW J. GAYOSO ⁓
DIANA GJONAJ ✱
DANIELLE M. GOLD ††
LAWRENCE GOLDHIRSCH ✱°
BENJAMIN GOLDMAN ⁓
NICHOLAS A. GONSALVES
ROBERT J. GORDON ·††
LAURA GREEN ††
CODY M. HREENES ¶
MATTHEW A. GRUBMAN ¶
NICOLE A. HYATT
MARIE L. IANNIELLO † °
ERIK JACOBS

JEFFREY S. KANCA ✦✦
DAVID M. KAUFMAN ††
PAULINA R. KENNEDY ✱
SEAN K. KERLEY Φ
CHANTAL KHALIL
ILYA KHARKOVER
JOSH KRISTAL ¶
JARED LACERTOSA
DEBBI LANDAU
DANIEL C. LIPNER
JOSEPH J. MANDIA ¶
COLIN MARKEL
JAMIE MATTERA
BRENDAN A. MCDONOUGH ††
SARA MERRILL ✱
MICHELLE C. MURTHA ¶§
MELINDA DAVIS NOKES ‡‡
PAUL F. NOVAK ✱
NICHOLAS OLIVA
JOSIAH W. PARKER ‡
MICHAEL E. PEDERSON
BRANDON H. PERLMAN
JAMES A. PLASTIRAS ††
ADAM C. RAFFO
PIERRE RATZKI
BRITTANY A. RUSSELL ⁓

CHRIS ROMANELLI ††
KYLE A. SCHIEDO ᵧ
JARED SCOTTO
BHARATI O. SHARMA ¶
CALLIE M. SHARP §§
ALEXANDRA SHEF ‡
EDUARDO R. SOTOMAYOR ††
SAMANTHA E. STAHL
GREGORY STAMATOPOULOS ✱
TYLER R. STOCK ‡
PETER TAMBINI ††
JAMES S. THOMPSON ††
BENJAMIN VANSLYKE ✱
CASEY THAL VERVILLE ◇
JASON M. WEINER × ×
JASON P. WEINSTEIN
LAUREN A. WEITZ
JUSTIN C. WEITZ
MARK WEITZ
WAYNE A. WILLIAMS ✱

✱ Of Counsel
‡ Admitted only in CA
§§ Admitted only in IL
✦ Admitted only in LA
∆ Admitted only in MA
✱ Admitted only in MI
✱✱ Admitted only in OH
⁓ Admitted only in PA
ᴀᴀ Also admitted in CA
∞ Also admitted in CO
‡ Also admitted in CT
§ Also admitted in DC
° Also admitted in FL
✦✦ Also admitted in MA
†† Also admitted in NJ
ᵧ Also admitted in PA
Φ Also admitted in SC
⁓ Also admitted in WI
‡‡ Admitted only in CA & UT
⁓ Admitted only in CA, PA & WI
¶ Admitted only in NJ & PA
✱ Admitted only in NJ,PA & WV
◇ Admitted only in OR & MI
× × Also admitted in DC & MD
+ + Also admitted in MD & NJ
† Also admitted in NJ & CT
⁓ Also admitted in NJ & DC
¶¶ Also admitted in NJ & ME
° Also admitted in NJ & MI
·· Also admitted in NJ & PA
ᴋ × Also Admitted in NJ & WV
ᴀ Also admitted in CT, FL & NJ
ᵧᵧ Also admitted in DC, IL, MO, NJ & PA
ᴀᴀ Also admitted in DC, MD,NJ,PA & VA
££ Certified Atty. NJ Supreme Court

March 3, 2023

**Via Federal Express:**
US District Court of Eastern Michigan
Judge Denise Page Hood
231 W Lafayette Blvd., Room 251
Detroit, MI 48226

**Notice of Appeal for Attached Client List**
**Decision of Lien Judge**

Dear Judge Hood:

    Our firm previously filed attorney liens for the 70 Claimants at issue herein in August and September of 2022 for reimbursement of our attorney's fees and expenses. See, the attached list of Claimants' Premium Payments related to their Claims. On February 21, 2023, we were advised that our claims for reimbursement were denied due to an alleged failure to include a reason why we could not distribute the claimant's payment's directly to the claimant (see attached decision of the Lien Judge). Apparently, the explanation we provided was not sufficiently detailed, despite working on these files for almost thirty years and keeping a full-time attorney and staff members working on these cases for that whole time. Moreover, it should be noted that on a previous lien request for Claimant, Lee Ann Reinwald-Lagge SID#: 1352746 we had been admonished for putting in too much detail about our efforts on behalf of the client. Clearly our efforts to obtain compensation for

220 LAKE DRIVE EAST, SUITE 210 • CHERRY HILL, NJ 08002 • TEL 856-755-1115
1880 CENTURY PARK EAST, SUITE 700 • LOS ANGELES, CA 90067 • TEL 310-247-0921
3011 WEST GRAND BLVD., 24ᵀᴴ FLOOR • DETROIT, MI 48202 • TEL 313-800-4170
1983 MARCUS AVENUE, SUITE 104 • LAKE SUCCESS, NY 11042 • TEL 516-861-8500


2179-123

our clients were not appreciated nor did the Lien Judge appear to consider our efforts worthy of compensation.

What is most upsetting is that over the years that various Claims Administrators have sent other firms clients (firms went out of business) or individual unrepresented clients to us, so that we could help them through the claims process. To imply that we were not sufficiently diligent in our efforts to get our clients paid and thus are not entitled to a recovery for our efforts is most disappointing. We respectfully request a reversal of this decision to deny our attorney lien.

Starting in 1992 our firm began to work diligently on these files to obtain our clients Proof of Manufacturer documents for both the Revised Settlement (RSP) and Dow Corning Settlement Plans. We also scheduled and paid for their appointment with Expert Doctors, whose reports qualified these clients for compensation under the Revised Settlement and Dow Corning Settlement plans. We also ordered and paid for supportive medical records for their Disease Claim submissions.

Having filed and supplied all of the relevant forms and paperwork for our clients' Disease and Rupture claims we then awaited the SFDCT's decision on the acceptability of our clients' proof of their claims. If approved, we proceeded to distribute their settlements and if not we worked on collecting sufficient documentation to cure any deficiency in the claim. These claims started to be approved in 2004-2005 and settlement payments started to come into our office. These payments required individual discussions with each of these clients to establish their current mailing addresses and proper payment instructions on their settlement checks. Not surprisingly, when these settlement payments were being distributed, we needed to confirm our clients' mailing addresses and payment information, since the initial filing of their claims a number of our clients had become divorced, widowed or remarried and some had passed away and thus the name we needed to put on their settlement checks could have changed. This required a tremendous amount of work to clear any liens and to make sure our clients were timely paid. It was also during this process that we took another opportunity to request alternative contact information from our clients, should we be unable to reach them in the future. All of the clients on the attached list received their base Disease and if applicable Rupture payments.

Another ten years passed before the distribution of the First Premium payments began. However, during that time period we maintained contact with our clients, responded to their inquiries and kept them up to date on the progress of the litigation. Once the First Premium payments began to come in, we again reached out to our clients to have individual discussions with each of these clients to establish their current mailing addresses and proper payment instructions on their settlement checks. To complicate matters further, it was often during these discussions or in response to our letters or e-mails that we were first made aware of the client's passing. Once we became aware of the death of the claimant it was our practice to reach out to the surviving family members to have them supply us with the proper Estate paperwork that must be submitted in order for the claim to resolved. That process is always very stressful, as you are often working with individuals who may have had no idea that their loved one had a claim, and often such discussions

bring up painful memories related to the loss of their loved one. Getting someone to step forward to take responsibility to set up an Estate requires a lot of time on the phone with various family members, and in the end, it can still result in nobody from the family being interested in moving forward despite our best efforts. That is what happened with all the clients at issue herein. Either no family member was willing to assist us in setting up an Estate (not interested, too expensive or not worth doing) or we simply could not get someone to respond to our calls and letters or we simply could not find anyone to work with. When we submit our letter brief, we will set forth in greater detail our efforts to contact and ultimately pay the clients that we are seeking payment on for our attorney liens.

We respectfully request that that the lien Judges decision be revered, and our liens upheld, as we spent several years prepping these cases for submission (all their Disease and Rupture claims were approved). As a result of these efforts, the client received approval for compensation in the Dow Corning Plan as well as approval of their Premium payments. The problem here is that we simply can't get a family member to work with us, and that should not be a reason why our lien is denied.

Thank you for your consideration in this matter. Please advise us as to when our letter brief will be due. Should you have any questions, please feel free to contact me at (212) 558-5591 or (917) 749-4731.

Very Truly Yours,

WEITZ & LUXENBERG, P.C.,

By: _____
Michael Pederson, Esq.

Enclosures

*cc: Settlement Facility-Dow Corning Trust; via Fedex & E-mail*

| ID | SIDNum | W&L # | LNAME | FNAME |
|---|---|---|---|---|
| 1 | 1051577 | 36566 | KAUFFMAN | ROBERTA K. |
| 2 | 1051889 | 31908 | LIPMAN | MAUREEN ANITA |
| 3 | 1052920 | 30759 | WALTER | LURENA |
| 4 | 1070641 | 30457 | WILLS | MIRIAM (MARIE) |
| 5 | 1282123 | 35423 | CURTIN | KIM |
| 6 | 6149699 | 36699 | FLINT | TSILLA |
| 7 | 245625 | 36124 | VANDERSALL | SHIRLEY |
| 8 | 323025 | 36126 | VOGEL | ARLENE |
| 9 | 1008052 | 35963 | DOWD | KATHLEEN |
| 10 | 1051922 | 31387 | PRICE | JEAN |
| 11 | 1052125 | 32993 | HERION | SARAH |
| 12 | 1052223 | 33027 | VASTANO | MARY ANN |
| 13 | 1052863 | 31531 | FORD | DORIS L. |
| 14 | 1053158 | 30580 | PHILLIPS | BARBARA |
| 15 | 1070646 | 31308 | HEMINGWAY-MASON | LAWANDA FAYE |
| 16 | 1105991 | 30885 | DALE | ADELE |
| 17 | 1106040 | 32868 | DAVIS | MARY ELIZABETH |
| 18 | 1106179 | 34043 | BRUGGER | EVELYN ELIZABETH |
| 19 | 1106320 | 34062 | CHURCHILL | JUDITH K. |
| 20 | 1106391 | 30030 | BROOKS | ZELDA |
| 21 | 1106398 | 34516 | DIMIN | HELENE |
| 22 | 1106689 | 31722 | DOWDLE | SHIRLEY |
| 23 | 1106748 | 35051 | DONALDSON | MARGARET JOANNA |
| 24 | 1106868 | 33342 | REYNOLDS | KATHY |
| 25 | 1106872 | 35243 | SCHULLERMAN | RITA |
| 26 | 1107008 | 31716 | REA | JOAN |
| 27 | 1107038 | 35138 | JONES | STARLET LACEY |
| 28 | 1107052 | 30241 | POTESTIO | LISA |
| 29 | 1107096 | 35626 | RUGGIERO | LYLA ANN |
| 30 | 1107203 | 30714 | SCHULTZ | FREDA |
| 31 | 1107253 | 33949 | JOHNSON | PATRICIA JULIA |
| 32 | 1107263 | 35597 | KOWADLO | BONNIE F. |
| 33 | 1107680 | 30415 | TRAVERS | JOAN |
| 34 | 1107567 | 33293 | GLATZEL | EVANGELINA |
| 35 | 1107790 | 33322 | MORROW | SANDRA |
| 36 | 1118666 | 32134 | LESLIE | MARY ANNA |
| 37 | 1119343 | 31653 | KOSTELNIK | CHERYL |
| 38 | 1119483 | 32691 | HARRISON | SLAVICA |
| 39 | 1120307 | 33186 | BOWLIN | CAROL |
| 40 | 1135709 | 32709 | MERCURIO | PATRICIA |
| 41 | 1136680 | 36763 | SWALLEY | JO ANN |
| 42 | 1135722 | 32414 | NATIONS | BEVERLY |
| 43 | 1139323 | 31939 | COOPER | CAROLYN |
| 44 | 1218122 | 34189 | CARLON | NONA L. |
| 45 | 1218231 | 31472 | FOSTER | MARY ANN |
| 46 | 1218309 | 35075 | FRANK | DORIS GODDARD |

| ID | SIDNum | W&L # | LNAME | FNAME |
|---|---|---|---|---|
| 47 | 1218393 | 32794 | OSBORNE | TAMRA |
| 48 | 1226730 | 33452 | MCWRIGHT | BARBARA E.F. |
| 49 | 1229036 | 31970 | NEWTON | SHARON |
| 50 | 1228337 | 34252 | BUCKLEY | SHARON J. |
| 51 | 1229264 | 31214 | FISHER | EDITH IRENE |
| 52 | 1229631 | 35501 | DERIENZO | SUSAN |
| 53 | 1261187 | 32953 | REYES | JOHANNA E |
| 54 | 1263362 | 30625 | FREEMAN | JUNE SYLVIA |
| 55 | 1308119 | 30828 | MYERS | DRAXIE N. |
| 56 | 1312387 | 35023 | CANAKARIS | GEORGIA |
| 57 | 1352798 | 30458 | WINOWSKY | MARIELLA |
| 58 | 1352805 | 32482 | YUNIS | LYNNE H. |
| 59 | 1371744 | 34850 | PHELPS | MARGARET |
| 60 | 1376656 | 33528 | WALL | ANN |
| 61 | 1462188 | 32705 | MCGUIRE-GONZALES | COLLEEN KAY |
| 62 | 2788307 | 30595 | JONES | MARY ANNA |
| 63 | 6124719 | 35957 | DELEO-BARLOW | MARY |
| 64 | 6182350 | 35984 | HARRISON | ELIZABETH |
| 65 | 6300887 | 36753 | PERKINS | JUNE |
| 66 | 6342252 | 36791 | SEMMEL | SHELLEY |
| 68 | 6368154 | 36053 | SWAIM | MAXINE LOUISE |
| 69 | 1263352 | 35628 | JANSSEN | DIANNA |
| 70 | 1106971 | 34867 | PINK | VERNA |

# S F D C T

## SETTLEMENT FACILITY
### DOW CORNING TRUST

P.O. Box 52429
Houston, Texas 77052

Telephone 713.874.6099
866.874.6099

February 21, 2023

WEITZ & LUXENBERG P.C.
700 BROADWAY
NEW YORK, NY 10003-9536
UNITED STATES OF AMERICA

**RE:   LIEN JUDGE DECISION**
      **See Attached**
      **FedEx #   8168 9603 2830**

The Settlement Facility – Dow Corning Trust (SF-DCT) has received a decision from the Lien Judge regarding your lien dispute. A copy of the decision is attached for your review.

Section 7.01 of the "Procedures For The Review of Asserted Liens Against Settling Implant Claimants" provides that: *"Either party may appeal the decision of the Lien Judge by filing a Notice of Appeal with the District Court within 14 days of the date of the notice from SF-DCT providing the decision of the Lien Judge."*

***If you wish to appeal the decision of the Lien Judge you must file the appeal with the District Court and THE SF-DCT within 14 days from the date of this letter. If the SF-DCT does not receive a notice of appeal within 14 days, payment will be issued according to the Lien Judge's decision.***

The address to submit the appeal to the District Court is:

> United States District Court for the Eastern District of Michigan
> Judge Denise Page Hood
> 231 West Lafayette Blvd. Room 251
> Detroit, MI 48226

Sincerely,

Settlement Facility – Dow Corning Trust
Enclosures:  Lien Judge Decision

## DECISION OF THE LIEN JUDGE
## DOW CORNING TRUST

IN RE:

| File No. | Claimant | SID No. | File No. | Claimant | SID No. |
|---|---|---|---|---|---|
| 22-854 | Shirley Vandersall | 0245625 | 22-923 | Frances Johnson | 1119426 |
| 22-857 | Arlene Vogel | 0323025 | 22-924 | Slavica Harrison | 1119483 |
| 22-858 | Kathleen Dowd | 1008052 | 22-925 | Carol Bowlin | 1120307 |
| 22-863 | Jean Price | 1051922 | 22-926 | Patricia Mercurio | 1135709 |
| 22-864 | Sarah Herion | 1052125 | 22-927 | Jo Ann Swalley | 1136680 |
| 22-866 | Mary Vastano | 1052223 | 22-928 | Beverly Nations | 1135722 |
| 22-871 | Doris Ford | 1052863 | 22-930 | Carolyn Cooper | 1139323 |
| 22-873 | Barbara Phillips | 1053158 | 22-936 | Nona L Carlon | 1218122 |
| 22-879 | Lawanda Hemingway-Mason | 1070646 | 22-938 | Maryann Foster | 1218231 |
| 22-882 | Adele Dale | 1105991 | 22-940 | Doris Frank | 1218309 |
| 22-884 | Mary Elizabeth Davis | 1106040 | 22-942 | Tamra Osborne | 1218393 |
| 22-886 | Evelyn Brugger | 1106179 | 22-945 | Barbara McWright | 1226730 |
| 22-887 | Betty Bruce | 1106181 | 22-947 | Sharon Newton | 1229036 |
| 22-889 | Judith Churchill | 1106320 | 22-948 | Sharon Buckley | 1228337 |
| 22-890 | Zelda Brooks | 1106391 | 22-950 | Edith Fisher | 1229264 |
| 22-891 | Helene Dimin | 1106398 | 22-952 | Susan DeRienzo | 1229631 |
| 22-894 | Shirley Dowdle | 1106689 | 22-955 | Johanna E Reyes | 1261187 |
| 22-895 | Margaret Donaldson | 1106748 | 22-958 | June Sylvia Freeman | 1263362 |
| 22-897 | Kathy Reynolds | 1106868 | 22-967 | Draxie Myers | 1308119 |
| 22-898 | Rita Inez Schullerman | 1106872 | 22-968 | Georgia Canakaris | 1312387 |
| 22-902 | Joan Rea | 1107008 | 22-973 | Mariella Winowsky | 1352798 |
| 22-904 | Starlet Jones | 1107038 | 22-974 | Lynn Yunis | 1352805 |
| 22-905 | Lisa Potestio | 1107052 | 22-976 | Margaret Phelps | 1371744 |
| 22-906 | Lyla Ruggiero | 1107096 | 22-977 | Ann Wall | 1376656 |
| 22-907 | Freda Schultz | 1107203 | 22-979 | Colleen Gonzales | 1462188 |
| 22-909 | Patricia J Johnson | 1107253 | 22-982 | Mary A Jones | 2788307 |
| 22-910 | Bonnie F Kowaldo | 1107263 | 22-986 | Mary C Barlow Deleo | 6124719 |
| 22-914 | Joan Travers | 1107680 | 22-988 | Elizabeth Harrison | 6182350 |
| 22-915 | Evangelina Glatzel | 1107567 | 22-989 | June Perkins | 6300887 |
| 22-917 | Sandra Morrow | 1107790 | 22-990 | Shirley Semmel | 6342252 |
| 22-919 | Mary Anna Leslie | 1118666 | 22-991 | Maxine Louise Swaim | 6368154 |
| 22-922 | Cheryl Kostelnik | 1119343 | 22-992 | Dianna Janssen | 1263352 |
|  |  |  | 22-1014 | Verna Pink | 1106971 |

/

## DETERMINATION DENYING LIEN FOR ATTORNEY FEES AND EXPENSES

An Order captioned "Amended Stipulation and Order Establishing Procedures for the Review of Asserted Liens against Settling Implant Claimants"

## DECISION OF THE LIEN JUDGE
## DOW CORNING TRUST

entered by Hon. Denise Page Hood on April 13, 2018 allowed Attorneys of Record ("AOR") to file a Proof of Lien ("POL") form to recover fees and expenses against approved claims even though the Claimant, or her estate, were currently unwilling or unavailable to receive payment. §6.07

There is however, a requirement for AORs to receive Trust funds In this situation. The POL form attached to the Order requires the AOR to sign "under penalty of perjury" that in "asserting a lien...because you either cannot locate your client to distribute a payment or are unable to distribute a payment because the claimant is deceased" to attest "(o)n a separate piece of paper," a description of "the efforts you have taken to locate your client, the last known address and contact information for the client and/or any contact information for heirs and/or probate administrators and representatives, if applicable. The statement must include a reason why you cannot distribute the claimant's payments directly to the claimant."

To date, Weitz & Luxenberg has filed 140 POL forms seeking fees and expenses under this section of the form. As to 65 claims, the complete explanation for being unable to compensate its client is as follows:

> Attached are liens for the Claimants listed below, the families have decided not to pursue the Estate, as the cost of setting up the Estate exceeds the settlement amount or the established Representatives have failed to keep an open line of communications with our office. Despite numerous attempts, we have been unable to locate them. Thank you.

A simple reading of the language of the form advises that the information to be provided must relate to the individual circumstances of the Claimant, i.e. an address, contact information, and heirs is listed; something specific to each Claimant, such as a date of death if the Claimant is deceased.

Weitz & Luxenberg's statement appears to apply to any deceased client whose heirs have been in contact with the firm, OR, representatives who failed to contact the firm. This explanation is in the alternative. The POL requires a statement of what the firm did, not what the Claimant failed to do.

The POL failed to specify the information and efforts taken to comply with this requirement. "Numerous attempts" is a conclusionary statement that does not fulfill the requirement for a lien payment in the absence of payment to the Claimant or her estate.

For this reason, the liens requested are denied.

Dated: February 17, 2023          *Pamela R. Harwood*

                                              Pamela R. Harwood, Lien Judge

## DECISION OF THE LIEN JUDGE
## DOW CORNING TRUST

IN RE:

| File No. | Claimant | SID No. |
|----------|----------|---------|
| 22-860 | Roberta Kaufman | 1051577 |
| 22-861 | Maureen Lipman | 1051889 |
| 22-870 | Lurena Walter | 1052920 |
| 22-878 | Miriam Wills | 1070641 |
| 22-962 | Kim Curtin | 1282123 |
| 22-987 | Tsilla Flint | 6149699 |

/

## DETERMINATION DENYING LIEN FOR ATTORNEY FEES AND EXPENSES

An Order captioned "Amended Stipulation and Order Establishing Procedures for the Review of Asserted Liens against Settling Implant Claimants" entered by Hon. Denise Page Hood on April 13, 2018 allowed Attorneys of Record ("AOR") to file a Proof of Lien ("POL") form to recover fees and expenses against approved claims even though the Claimant, or her estate, were currently unwilling or unavailable to receive payment. §6.07

There is however, a requirement for AORs to receive Trust funds in this situation. The POL form attached to the Order requires the AOR to sign "under penalty of perjury" that in "asserting a lien...because you either cannot locate your client to distribute a payment or are unable to distribute a payment because the claimant is deceased" to attest "(o)n a separate piece of paper," a description of "the efforts you have taken to locate your client, the last known address and contact information for the client and/or any contact information for heirs and/or probate administrators and representatives, if applicable. The statement must include a reason why you cannot distribute the claimant's payments directly to the claimant."

The POL forms filed for the above captioned Claimants did not include a statement required by the form.

For this reason, the liens requested are denied.

Dated: February 17, 2023    *Pamela R. Harwood*

_____
Pamela R. Harwood, Lien Judge

## DECISION OF THE LIEN JUDGE
## DOW CORNING TRUST

IN RE: Marcia McMillen
S.I.D. 0241596
File No. 22-853

_____/

## DETERMINATION GRANTING LIEN FOR ATTORNEY FEES AND DENYING LIEN FOR EXPENSES

Weitz and Luxenberg ("Weitz') filed a Proof of Lien Form against funds held by the SF-DCT for Claimant's Disease Premium Payment ($1,000). The Weitz lien is for attorney fees and expenses. Weitz has represented Claimant since 2003.

Lien disputes are governed by the Orders of the Court and governing documents.[1]

Based on the Schedule in the Plan, 5.10.1 and Annex A, 9.0, $225.00 is allowable for attorney fees. It should be noted that the Premium Payment benefit is a direct result of the representation by Weitz that led to the previous award for Disease benefits. For this reason, Weitz's $ 225.00 lien for attorney fees is allowed.

The cost ledger submitted for expenses lists a $4.00 unallowable expense for certified mail. July 22, 2004 Order, Exhibit 1. For this reason, the $4.00 lien for expenses is denied.

Dated: February 17, 2023                          *Pamela R. Harwood*

                                                  _____
                                                  Pamela R. Harwood, Lien Judge

---

[1] Article 5.10 of the Amended Joint Plan of Reorganization (**"Plan"**) as updated June 1, 2004; Article 9.01 and 9.02 of **Annex A** to the Settlement Facility and Fund Distribution Agreement ("SFA") between Dow Corning Corporation and the Claimants' Advisory Committee; Questions and Answers contained in Claimant Information **Guide** for Class 5 Breast Implant Claims ("Guide"); Order of the District Court dated **July 22, 2004** captioned "Agreed Order Adopting Q&A Pursuant to Article IX of Annex A, The Claims Resolution Procedures"; Order of the District Court dated **May 23, 2005** captioned "Agreed Order Adopting Additional Q&A Pursuant to Article IX of Annex A, The Claims Resolution Procedures; Order of the District Court dated **October 6, 2005** captioned "Agreed Order Adopting Additional Q&A Pursuant to Article IX of Annex A, The Claims Resolution Procedures"; On **December 3, 2015**, Chief Judge Denise Page Hood entered the Consent Order To Establish Guidelines For Distributions From The Class 7 Silicone Material Claimants' Fund. It restates Section 6.04(h)(v) of Annex A to the SFA; **December 27, 2017** Order of the U.S. District Court to pay Partial Second Priority Payments was affirmed by a ruling of the 6th Circuit Court of Appeals on December 13, 2018; Order of the District Court dated **April 13, 2018** captioned "Amended Stipulation and Order Establishing Procedures for the Review of Asserted Liens against Settling Implant Claimants."

## DECISION OF THE LIEN JUDGE
## DOW CORNING TRUST

IN RE: Terrie Spano
S.I.D. 0252239
File No. 22-855
_____/

## DETERMINATION GRANTING LIEN FOR ATTORNEY FEES

Weitz and Luxenberg ("Weitz") filed a Proof of Lien form against funds held by the SF-DCT for Claimant's Disease Premium Payment ($2,000) and Rupture Premium Payment ($2,500). The lien is for attorney fees. Weitz has represented Claimant since 2002.

Lien disputes are governed by the Orders of the Court and governing documents.[1]

Based on the Schedule in the Plan, §5.10.1 and Annex A, §9.01(a), $1,012.50 is allowable for attorney fees. It should be noted that the Premium Payment benefits are a direct result of the representation by Weitz that led to the previous award for Disease and Rupture benefits. For this reason, a $1,012.50 lien for attorney fees is allowed.

Dated: February 17, 2023

*Pamela R. Harwood*

Pamela R. Harwood, Lien Judge

---

[1] Article 5.10 of the Amended Joint Plan of Reorganization (**"Plan"**) as updated June 1, 2004; Article 9.01 and 9.02 of **Annex A** to the Settlement Facility and Fund Distribution Agreement ("SFA") between Dow Corning Corporation and the Claimants' Advisory Committee; Questions and Answers contained in Claimant Information **Guide** for Class 5 Breast Implant Claims ("Guide"); Order of the District Court dated **July 22, 2004** captioned "Agreed Order Adopting Q&A Pursuant to Article IX of Annex A, The Claims Resolution Procedures"; Order of the District Court dated **May 23, 2005** captioned "Agreed Order Adopting Additional Q&A Pursuant to Article IX of Annex A, The Claims Resolution Procedures; Order of the District Court dated **October 6, 2005** captioned "Agreed Order Adopting Additional Q&A Pursuant to Article IX of Annex A, The Claims Resolution Procedures"; On **December 3, 2015**, Chief Judge Denise Page Hood entered the Consent Order To Establish Guidelines For Distributions From The Class 7 Silicone Material Claimants' Fund. It restates Section 6.04(h)(v) of Annex A to the SFA; **December 27, 2017** Order of the U.S. District Court to pay Partial Second Priority Payments was affirmed by a ruling of the 6th Circuit Court of Appeals on December 13, 2018; Order of the District Court dated **April 13, 2018** captioned "Amended Stipulation and Order Establishing Procedures for the Review of Asserted Liens against Settling Implant Claimants."

## DECISION OF THE LIEN JUDGE
## DOW CORNING TRUST

IN RE: Ellen Ray
S.I.D. 0277012
File No. 22-856
_____/

## DETERMINATION GRANTING LIEN FOR ATTORNEY FEES

Weitz and Luxenberg ("Weitz") filed a Proof of Lien form against funds held by the SF-DCT for Claimant's Disease Premium Payment ($2,000). The lien is for attorney fees. Weitz has represented Claimant since 1997.

Lien disputes are governed by the Orders of the Court and governing documents.[1]

Based on the Schedule in the Plan, §5.10.1 and Annex A, §9.01(a), $225.00 is allowable for attorney fees. It should be noted that the Premium Payment benefit is a direct result of the representation by Weitz that led to the previous award for Disease benefits. For this reason, a $225.00 lien for attorney fees is allowed.

Dated: February 17, 2023

*Pamela R. Harwood*

Pamela R. Harwood, Lien Judge

---

[1] Article 5.10 of the Amended Joint Plan of Reorganization (**"Plan"**) as updated June 1, 2004; Article 9.01 and 9.02 of **Annex A** to the Settlement Facility and Fund Distribution Agreement ("SFA") between Dow Corning Corporation and the Claimants' Advisory Committee; Questions and Answers contained in Claimant Information **Guide** for Class 5 Breast Implant Claims ("Guide"); Order of the District Court dated **July 22, 2004** captioned "Agreed Order Adopting Q&A Pursuant to Article IX of Annex A, The Claims Resolution Procedures"; Order of the District Court dated **May 23, 2005** captioned "Agreed Order Adopting Additional Q&A Pursuant to Article IX of Annex A, The Claims Resolution Procedures; Order of the District Court dated **October 6, 2005** captioned "Agreed Order Adopting Additional Q&A Pursuant to Article IX of Annex A, The Claims Resolution Procedures"; On **December 3, 2015**, Chief Judge Denise Page Hood entered the Consent Order To Establish Guidelines For Distributions From The Class 7 Silicone Material Claimants' Fund. It restates Section 6.04(h)(v) of Annex A to the SFA; **December 27, 2017** Order of the U.S. District Court to pay Partial Second Priority Payments was affirmed by a ruling of the 6th Circuit Court of Appeals on December 13, 2018; Order of the District Court dated **April 13, 2018** captioned "Amended Stipulation and Order Establishing Procedures for the Review of Asserted Liens against Settling Implant Claimants."

## DECISION OF THE LIEN JUDGE
## DOW CORNING TRUST

IN RE: Rosemarie Sloane
S.I.D. 1051839
File No. 22-859
_____/

## DETERMINATION GRANTING LIEN FOR ATTORNEY FEES

Weitz and Luxenberg ("Weitz") filed a Proof of Lien form against funds held by the SF-DCT for Claimant's Disease Premium Payment ($500) and Rupture Premium Payment ($2,500). The lien is for attorney fees. Weitz has represented Claimant since 1992.

Lien disputes are governed by the Orders of the Court and governing documents.[1]

Based on the Schedule in the Plan, §5.10.1 and Annex A, §9.01(a), $675.00 is allowable for attorney fees. It should be noted that the Premium Payment benefits are a direct result of the representation by Weitz that led to the previous award for Disease and Rupture benefits. For this reason, a $675.00 lien for attorney fees is allowed.

Dated: February 16, 2023

*Pamela R. Harwood*

_____
Pamela R. Harwood, Lien Judge

---

[1] Article 5.10 of the Amended Joint Plan of Reorganization (**"Plan"**) as updated June 1, 2004; Article 9.01 and 9.02 of **Annex A** to the Settlement Facility and Fund Distribution Agreement ("SFA") between Dow Corning Corporation and the Claimants' Advisory Committee; Questions and Answers contained in Claimant Information **Guide** for Class 5 Breast Implant Claims ("Guide"); Order of the District Court dated **July 22, 2004** captioned "Agreed Order Adopting Q&A Pursuant to Article IX of Annex A, The Claims Resolution Procedures"; Order of the District Court dated **May 23, 2005** captioned "Agreed Order Adopting Additional Q&A Pursuant to Article IX of Annex A, The Claims Resolution Procedures; Order of the District Court dated **October 6, 2005** captioned "Agreed Order Adopting Additional Q&A Pursuant to Article IX of Annex A, The Claims Resolution Procedures"; On **December 3, 2015**, Chief Judge Denise Page Hood entered the Consent Order To Establish Guidelines For Distributions From The Class 7 Silicone Material Claimants' Fund. It restates Section 6.04(h)(v) of Annex A to the SFA; **December 27, 2017** Order of the U.S. District Court to pay Partial Second Priority Payments was affirmed by a ruling of the 6th Circuit Court of Appeals on December 13, 2018; Order of the District Court dated **April 13, 2018** captioned "Amended Stipulation and Order Establishing Procedures for the Review of Asserted Liens against Settling Implant Claimants."

## DECISION OF THE LIEN JUDGE
## DOW CORNING TRUST

IN RE:  Janice Linssen
S.I.D. 1051891
File No. 22-862

_____/

## DETERMINATION GRANTING LIEN FOR ATTORNEY FEES

Weitz and Luxenberg ("Weitz") filed a Proof of Lien form against funds held by the SF-DCT for Claimant's Disease Premium Payment ($1,000). The lien is for attorney fees. Weitz has represented Claimant since 1993.

Lien disputes are governed by the Orders of the Court and governing documents.[1]

Based on the Schedule in the Plan, §5.10.1 and Annex A, §9.01(a), $225.00 is allowable for attorney fees. It should be noted that the Premium Payment benefit is a direct result of the representation by Weitz that led to the previous award for Disease benefits. For this reason, a $225.00 lien for attorney fees is allowed.

Dated: February 16, 2023          *Pamela R. Harwood*

                                  _____
                                  Pamela R. Harwood, Lien Judge

---

[1] Article 5.10 of the Amended Joint Plan of Reorganization (**"Plan"**) as updated June 1, 2004; Article 9.01 and 9.02 of **Annex A** to the Settlement Facility and Fund Distribution Agreement ("SFA") between Dow Corning Corporation and the Claimants' Advisory Committee; Questions and Answers contained in Claimant Information **Guide** for Class 5 Breast Implant Claims ("Guide"); Order of the District Court dated **July 22, 2004** captioned "Agreed Order Adopting Q&A Pursuant to Article IX of Annex A, The Claims Resolution Procedures"; Order of the District Court dated **May 23, 2005** captioned "Agreed Order Adopting Additional Q&A Pursuant to Article IX of Annex A, The Claims Resolution Procedures; Order of the District Court dated **October 6, 2005** captioned "Agreed Order Adopting Additional Q&A Pursuant to Article IX of Annex A, The Claims Resolution Procedures"; On **December 3, 2015**, Chief Judge Denise Page Hood entered the Consent Order To Establish Guidelines For Distributions From The Class 7 Silicone Material Claimants' Fund. It restates Section 6.04(h)(v) of Annex A to the SFA; **December 27, 2017** Order of the U.S. District Court to pay Partial Second Priority Payments was affirmed by a ruling of the 6th Circuit Court of Appeals on December 13, 2018; Order of the District Court dated **April 13, 2018** captioned "Amended Stipulation and Order Establishing Procedures for the Review of Asserted Liens against Settling Implant Claimants."

## DECISION OF THE LIEN JUDGE
## DOW CORNING TRUST

IN RE: Maryjane Querio
S.I.D. 1052128
File No. 22-865
_____/

## DETERMINATION GRANTING LIEN FOR ATTORNEY FEES

Weitz and Luxenberg ("Weitz") filed a Proof of Lien form against funds held by the SF-DCT for Claimant's Disease Premium Payment ($1,000). The lien is for attorney fees. Weitz has represented Claimant since 1994.

Lien disputes are governed by the Orders of the Court and governing documents.[1]

Based on the Schedule in the Plan, §5.10.1 and Annex A, §9.01(a), $225.00 is allowable for attorney fees. It should be noted that the Premium Payment benefit is a direct result of the representation by Weitz that led to the previous award for Disease benefits. For this reason, a $225.00 lien for attorney fees is allowed.

Dated: February 16, 2023

*Pamela R. Harwood*

_____
Pamela R. Harwood, Lien Judge

---

[1] Article 5.10 of the Amended Joint Plan of Reorganization (**"Plan"**) as updated June 1, 2004; Article 9.01 and 9.02 of **Annex A** to the Settlement Facility and Fund Distribution Agreement ("SFA") between Dow Corning Corporation and the Claimants' Advisory Committee; Questions and Answers contained in Claimant Information **Guide** for Class 5 Breast Implant Claims ("Guide"); Order of the District Court dated **July 22, 2004** captioned "Agreed Order Adopting Q&A Pursuant to Article IX of Annex A, The Claims Resolution Procedures"; Order of the District Court dated **May 23, 2005** captioned "Agreed Order Adopting Additional Q&A Pursuant to Article IX of Annex A, The Claims Resolution Procedures; Order of the District Court dated **October 6, 2005** captioned "Agreed Order Adopting Additional Q&A Pursuant to Article IX of Annex A, The Claims Resolution Procedures"; On **December 3, 2015**, Chief Judge Denise Page Hood entered the Consent Order To Establish Guidelines For Distributions From The Class 7 Silicone Material Claimants' Fund. It restates Section 6.04(h)(v) of Annex A to the SFA; **December 27, 2017** Order of the U.S. District Court to pay Partial Second Priority Payments was affirmed by a ruling of the 6th Circuit Court of Appeals on December 13, 2018; Order of the District Court dated **April 13, 2018** captioned "Amended Stipulation and Order Establishing Procedures for the Review of Asserted Liens against Settling Implant Claimants."

## DECISION OF THE LIEN JUDGE
## DOW CORNING TRUST

IN RE: Paula Mall
S.I.D. 1052432
File No. 22-867
_____/

## DETERMINATION GRANTING LIEN FOR ATTORNEY FEES

Weitz and Luxenberg ("Weitz") filed a Proof of Lien form against funds held by the SF-DCT for Claimant's Disease Premium Payment ($2,000). The lien is for attorney fees. Weitz has represented Claimant since 1993.

Lien disputes are governed by the Orders of the Court and governing documents.[1]

Based on the Schedule in the Plan, §5.10.1 and Annex A, §9.01(a), $450.00 is allowable for attorney fees. It should be noted that the Premium Payment benefit is a direct result of the representation by Weitz that led to the previous award for Disease benefits. For this reason, a $450.00 lien for attorney fees is allowed.

Dated: February 16, 2023

*Pamela R. Harwood*

Pamela R. Harwood, Lien Judge

---

[1] Article 5.10 of the Amended Joint Plan of Reorganization (**"Plan"**) as updated June 1, 2004; Article 9.01 and 9.02 of **Annex A** to the Settlement Facility and Fund Distribution Agreement ("SFA") between Dow Corning Corporation and the Claimants' Advisory Committee; Questions and Answers contained in Claimant Information **Guide** for Class 5 Breast Implant Claims ("Guide"); Order of the District Court dated **July 22, 2004** captioned "Agreed Order Adopting Q&A Pursuant to Article IX of Annex A, The Claims Resolution Procedures"; Order of the District Court dated **May 23, 2005** captioned "Agreed Order Adopting Additional Q&A Pursuant to Article IX of Annex A, The Claims Resolution Procedures; Order of the District Court dated **October 6, 2005** captioned "Agreed Order Adopting Additional Q&A Pursuant to Article IX of Annex A, The Claims Resolution Procedures"; On **December 3, 2015**, Chief Judge Denise Page Hood entered the Consent Order To Establish Guidelines For Distributions From The Class 7 Silicone Material Claimants' Fund. It restates Section 6.04(h)(v) of Annex A to the SFA; **December 27, 2017** Order of the U.S. District Court to pay Partial Second Priority Payments was affirmed by a ruling of the 6th Circuit Court of Appeals on December 13, 2018; Order of the District Court dated **April 13, 2018** captioned "Amended Stipulation and Order Establishing Procedures for the Review of Asserted Liens against Settling Implant Claimants."

## DECISION OF THE LIEN JUDGE
## DOW CORNING TRUST

IN RE: Joyce Freireich
S.I.D. 1052654
File No. 22-868
_____/

## DETERMINATION GRANTING LIEN FOR ATTORNEY FEES AND DENYING LIEN FOR EXPENSES

Weitz and Luxenberg ("Weitz") filed a Proof of Lien Form against funds held by the SF-DCT for Claimant's Disease Premium Payment ($1,000). The Weitz lien is for attorney fees and expenses. Weitz has represented Claimant since 1992.

Lien disputes are governed by the Orders of the Court and governing documents.[1]

Based on the Schedule in the Plan, 5.10.1 and Annex A, 9.0, $450.00 is allowable for attorney fees. It should be noted that the Premium Payment benefit is a direct result of the representation by Weitz that led to the previous award for Disease benefits. For this reason, Weitz's $ 450.00 lien for attorney fees is allowed.

The cost ledger submitted for expenses lists a $4.00 unallowable expense for certified mail. July 22, 2004 Order, Exhibit 1. For this reason, the $4.00 lien for expenses is denied.

Dated: February 16, 2023        *Pamela R. Harwood*
                                _____
                                Pamela R. Harwood, Lien Judge

---

[1] Article 5.10 of the Amended Joint Plan of Reorganization (**"Plan"**) as updated June 1, 2004; Article 9.01 and 9.02 of **Annex A** to the Settlement Facility and Fund Distribution Agreement ("SFA") between Dow Corning Corporation and the Claimants' Advisory Committee; Questions and Answers contained in Claimant Information **Guide** for Class 5 Breast Implant Claims ("Guide"); Order of the District Court dated **July 22, 2004** captioned "Agreed Order Adopting Q&A Pursuant to Article IX of Annex A, The Claims Resolution Procedures"; Order of the District Court dated **May 23, 2005** captioned "Agreed Order Adopting Additional Q&A Pursuant to Article IX of Annex A, The Claims Resolution Procedures; Order of the District Court dated **October 6, 2005** captioned "Agreed Order Adopting Additional Q&A Pursuant to Article IX of Annex A, The Claims Resolution Procedures"; On **December 3, 2015**, Chief Judge Denise Page Hood entered the Consent Order To Establish Guidelines For Distributions From The Class 7 Silicone Material Claimants' Fund. It restates Section 6.04(h)(v) of Annex A to the SFA; **December 27, 2017** Order of the U.S. District Court to pay Partial Second Priority Payments was affirmed by a ruling of the 6th Circuit Court of Appeals on December 13, 2018; Order of the District Court dated **April 13, 2018** captioned "Amended Stipulation and Order Establishing Procedures for the Review of Asserted Liens against Settling Implant Claimants."